IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                   Criminal No. 21-cr-00290-RAW

JEFFREY BRENT THOMAS,

        Defendant.

**DEFENDANT JEFFREY BRENT THOMAS' MOTION FOR RETURN OF PROPERTY**

Defendant Jeffrey Brent Thomas, pursuant to Fed. R. Crim. P. 41(g), moves this Court for an Order directing the Government to return his personal cell phone, which was seized from him at the time of his arrest on April 6, 2021.

**I.    Mr. Thomas is Entitled to Relief Pursuant to Rule 41(g).**

Rule 41(g) provides in relevant part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed R. Crim. P. 41(g). This rule, and the remedies it provides, are separate and apart from (and broader than) the judicially-created exclusionary rule providing for the suppression of evidence. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) ("CDT") (*en banc*), *abrogation on other grounds recognized by Demaree v. Pederson*, 807 F.3d 870, 876-77 (9th Cir. 2018). For instance, while the exclusionary rule contemplates only unlawfully seized property, Rule 41(g) provides a remedy with respect to both lawfully and unlawfully seized property. *Id*. Further, in contrast to the exclusionary rule, which is aimed at ensuring law enforcement's adherence to constitutional norms, Rule 41(g) is aimed at safeguarding property and privacy interests. *Id*.

The exclusionary rule and Rule 41(g) also diverge in the remedies they make available. As opposed to suppression, Rule 41(g) "contemplate[s] that district judges may order the return of ... any copies [ ] of seized evidence." *CDT*, 621 F.3d at 1174. The Advisory Committee Notes to Rule 41(g) also contemplate the destruction of "copies of records." See Fed. R. Crim. P. 41 Advisory Committee's Note to 1989 Amendments of Rule 41(e) ("In some circumstances ... equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized.").[1] Rule 41(g) therefore provides a remedy in cases where the Government has retained copies of electronically stored information ("ESI"), such as cell phone data, beyond a constitutionally reasonable period. *United States v. Ganias*, 824 F.3d 199, 219–20 (2nd Cir. 2016) (*en banc*).

Indeed, while Rule 41(e)(2)(B) allows the Government to conduct off-site copying and review of seized ESI and does not set a time limit on this review, the Advisory Committee Notes make clear that:

> It was not the intent of the [Rule] to leave the property owner without an expectation of the timing for the return of the property, excluding contraband or instrumentalities of crime, or remedy. Current Rule 41(g) [ ] provides a process for the 'person aggrieved' to seek an order from the court for a return of the property, including storage media or electronically stored information, under reasonable circumstances.

Advisory Committee's Note to 2009 Amendments.

When making the determination as to whether such ESI should be returned, destroyed, or otherwise sequestered pursuant to 41(g), the court "must receive evidence on any factual issue necessary to decide the motion," Fed. R. Crim. P. 41(g), thereby permitting "a full assessment of

---

[1] In 2002, Federal Rule of Criminal Procedure 41(e) was reclassified as Rule 41(g) with no substantive changes. *United States v. Palacios Gonzalez*, Fed. App's 996, 999 n. 2 (11th Cir 2010) (citation omitted).

the complex and rapidly evolving technological issues, and the significant privacy concerns, relevant to its consideration," *Ganias*, 824 F.3d at 220.

When, as here, the property was seized as part of an ongoing investigation and there are pending criminal charges, the Rule 41(g) motion should be determined by the court hearing the criminal charges. *See, e.g., United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990) ("Proceedings surrounding the return of property seized in a criminal case are civil in nature but the interests of judicial efficiency a criminal trial judge to rule on the motion.") (citations omitted).

To obtain return of property in the possession of the Government in a case where criminal charges are pending, defendants must generally show: (1) they are lawfully entitled to the seized property; (2) the property is not contraband; and (3) the Government has no need to use the property as evidence. *Ferreira v. United States*, 354 F. Supp. 2d 406 (S.D.N.Y. 2005); *United States v. Garcon*, 406 Fed. Appx. 366, 369 (11th Cir. 2010).  Here, both the phone itself and any ESI contained therein belonged to Defendant, as the possessor/user of the phone. To retain the property as evidence, the Government must provide a "legitimate reason" for the "continued possession of the seized property. *Price*, 2011 WL 2651802, at *1. In this case, however, the Government has no legitimate reason to keep the phone or use its data as evidence.

Courts have found it unreasonable for the Government to retain property that is unrelated to the potential criminal activity to be charged and that otherwise has no evidentiary value. *See, e.g., United States v. White*, 2013 WL 141147, at *10-11 (S.D. Fla. Jan. 11, 2013) (ordering return of rare coin collection).  Finally, if the Government holds the property for a constitutionally unreasonable period of time, Rule 41(g) may be invoked to require its return. *Ganias*, 824 F.3d at 219-20.

3

**II.      The Government's Continued Retention of Mr. Thomas' Property is Unreasonable.**

Here, the property in question consists of a cell phone possessed by Mr. Thomas at the time of his arrest, along with any ESI contained within. There is no search warrant for this material (as far as Defendant is aware), and it is entirely unclear how it may comprise evidence related to any crimes alleged against Mr. Thomas in this case. It seems from the communications between counsel, this step has either not been attempted or completed, or both. Apparently, the Government contends that it is totally within its rights to hold Defendant's phone indefinitely as it determines whether and on what creative grounds it may seek a search warrant for its contents. It is not. Courts have repeatedly recognized in the context of an extant search warrant that "the Fourth Amendment requires the Government to complete its review, i.e., execute the warrant, within a reasonable period of time." *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) (granting suppression of all ESI due to 15-month delay in commencing review of ESI for materials response to search warrant). *See also United States v. Debbi*, 244 F. Supp. 2d 235, 237-38 (S.D. N.Y. 2003) (granting suppression of all nonresponsive data seized based on Government's failure to identify segregate and return materials not responsive to terms of search warrant within eight months). Certainly, when there is no warrant at all, the Government's continued possession of Mr. Thomas' property for a much lengthier period (over 18 months as of the submission of this motion) is on even shakier grounds.

Where, like here, a criminal defendant's property does not constitute contraband, he is "presumed to have the right to the return of his property once it is no longer needed as evidence." *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996); *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). In determining whether the Government's need for the evidence exists, the Government bears the burden of proof in demonstrating a legitimate reason why it continues

to require possession of the seized property. *United States v. Price*, 2011 U.S. Dist. LEXIS 72843, *3-4 (S.D. Fla. July 7, 2011) (citing *United States v. Ogbonna*, 34 Fed. App'x 150 (5th Cir. 2002)).

When law enforcement seizes property incident to an arrest and intends to apply for a warrant to search the property for evidence of a crime, the Fourth Amendment requires that they act diligently in applying for a search warrant. *United States v. Corbett*, 2021 U.S. Dist. LEXIS 191323, *6 (citing *United States v. Smith*, 967 F.3d 198, 202 (2d Cir. 2020)). The Second Circuit has acknowledged that courts "demand expediency in obtaining a search warrant to search seized evidence in order to avoid interfering with a continuing possessory interest for longer than reasonably necessary, in case the search reveals no evidence (or permissibly segregable evidence) of a crime and the item has no independent evidentiary value and is not otherwise forfeitable." *Smith*, 967 F.3d at 205 (quoting *United States v. Sparks*, 806 F.3d 1323, 1340 (11th Cir. 2015)).

Four factors are used to determine whether the government has waited an unreasonable amount of time before seeking a search warrant include: "[1] the length of the delay, [2] the importance of the seized property to the defendant, [3] whether the defendant had a reduced property interest in the seized item, and [4] the strength of the state's justification for the delay." *United States v. Corbett*, 2021 U.S. Dist. LEXIS 191323, *10 (E.D.N.Y. Sept. 30, 2021) (citing *United States v. Smith*, 967 F.3d 198, 202 (2d Cir. 2020)).  In this case, each of these factors weighs in favor of Mr. Thomas, establishing the unreasonableness of the Government's delay in seeking or obtaining a search warrant.

First, the length of time that has elapsed since the Government's seizure of Mr. Thomas' phone without obtaining a warrant clearly exceeds the bounds of reason. In *United States v. Corbett*, the court held that a delay of 101 days between the time the government seized the

defendants' phones incident to arrest and the date it applied for a search warrant to search the phones was presumptively unreasonable. *Corbett*, 2021 U.S. Dist. LEXIS 191323, *13. In doing so, the court relied on *Smith*, in which the Second Circuit concluded that a month-long delay between the seizure of property and the application for a search warrant "well exceeds what is ordinarily reasonable."). *Id.* (citing *Smith*, 967 F.3d at 206-07). Again, in this case, the Government has had possession of Mr. Thomas' phone *for over eighteen months*, which greatly exceeds the one and three-month delays found to be presumptively unreasonable in *Corbett* and *Smith*. Thus, the length of the delay weighs heavily against the Government.

Next, regarding the importance of the seized property to the defendant, not surprisingly, Mr. Thomas' personal cell phone is important to him. Indeed, in *Corbett*, the court found that seized phones "are of significant importance" to defendants." *Corbett*, 2021 U.S. Dist. LEXIS 191323, *14. Although the court there ultimately found that this factor weighed in favor of the government, its analysis relied upon its consideration of the fact that the defendants in that case had not sought the return of their phones to their families or their attorneys since their arrest and incarceration. *Id.* *15-*16. Here, however, Mr. Thomas has, in fact, requested the return of his phone to his attorney. The instant motion was necessitated by the Government's denial of his request.

The third factor that the Court must consider is whether Mr. Thomas has a reduced property interest in his phone. *Smith*, 967 F.3d at 206. In *Corbett*, the court found that "even though defendants' property interests may have been reduced due to their lawful arrests and seizures of their phones, defendants still retained some possessory interests in the phones." *Corbett*, 2021 U.S. Dist. LEXIS 191323, *18. Despite the reduced property interests the court concluded that this factor favors the government because it had asserted that the phones retained independent

investigatory value in the agent's affidavit. *Id.* \*18-19. Here, however, Mr. Thomas' cell phone does not have any investigatory value that could possibly outweigh his property interest in his phone. This factor therefore also weighs against the Government.

Finally, the Court must consider the Government's justification for the delay. Here, the Government has offered no particular justification for the delay, and, even assuming that the Government intends to somehow argue that Mr. Thomas' phone or its contents may contain some sort of evidence related to the charges in this case, it has offered no explanation at all for why it has taken more than eighteen (18) months to seek a search warrant for that purpose. Because the Government cannot provide any justification for the delay in seeking a search warrant for Mr. Thomas' property, this final factor also weighs strongly against it. *In re Search Warrant*, 527 F. Supp. 3d 179, 187 (D. Conn. Nov. 23, 2020).

In Mr. Thomas' case, each of the four factors weighs in his favor. Accordingly, the Government's delay in seeking or obtaining a search warrant for his property is demonstrably unreasonable. The position of the United States was sought by e-mail to Assistant United States Attorney Anthony Marek on November 3, 2022, but no response has been received as of the time of this filing.

### III.   Conclusion

To the extent that the Government claims that it intends to apply for a warrant to search the Mr. Thomas' phone for evidence of a crime, it has utterly failed to comply with the Fourth Amendment's requirement that it act diligently in applying for a search warrant. *Corbett*, 2021 U.S. Dist. LEXIS 191323, \*6. The fact that it has now been more than eighteen (18) months since Mr. Thomas was arrested and his phone was seized demonstrates that the Government has waited an unreasonable amount of time before seeking a search warrant. In this case, the Government

simply cannot meet its burden of proof in demonstrating a legitimate reason why it continues to require possession of Mr. Thomas' phone and its contents, and its lack of expediency continues to interfere with his possessory interest in his property. *Price*, 2011 U.S. Dist. LEXIS 72843, *3-4 (S.D. Fla. July 7, 2011); *Smith*, 967 F.3d at 205. Accordingly, the Court should order the Government to immediately return Mr. Thomas' cell phone to his counsel, destroy any copies of the ESI contained therein, and be prevented from using any material gleaned from the phone as evidence in this case.

Respectfully submitted,

*/s/Donald F. Kochersberger III*

Donald F. Kochersberger III
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
Tel: (505) 848-8581
Fax: (505) 848-8593

*Attorney for Defendant Jeffrey Brent Thomas*

I HEREBY CERTIFY that on this the 9th day of November, 2022, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*Electronically Filed*
**Donald F. Kochersberger III**
Attorney for Defendant