IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY BRENT THOMAS,<br><br>    Defendant. | Case No. CR-21-290-RAW |

**ORDER**

    This case arises from the alleged sexual abuse of C.J., who had not attained the age of 12 years. The Defendant is charged with three counts of aggravated sexual abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151, and 1153 and one count of abusive sexual contact in Indian Country in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), 1151, and 1153.

    Now before the court is the Defendant's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) [Docket No. 8]. The Defendant seeks the return of his cell phone seized at the time of his arrest on April 6, 2021.

    Rule 41(g) of the Federal Rules of Criminal Procedure allows a "person aggrieved by . . . the deprivation of property" to move for its return. Rule 41(g) provides that "[t]he motion must be filed in the district where the property was seized." In its response to the motion, the Government informs the court that the Tulsa County deputy sheriffs and the United States Marshals Service jointly effected a traffic stop after a high speed chase and executed the arrest warrant in Tulsa, where they then collected the Defendant's cell phone as evidence after he

slammed it on the ground.  The Defendant does not dispute the location of his arrest in his reply.  Tulsa is not within this district; thus, the motion is not properly filed in this district.

Furthermore, the Tenth Circuit has "repeatedly held that Rule 41(g) provides 'an equitable remedy' to a movant 'only if he can show irreparable harm and an inadequate remedy at law.'"  *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) (citation omitted).  "'Rule 41[(g)] jurisdiction should be exercised with caution and restraint,' and the district court should dismiss a Rule 41(g) motion if the movant has failed to make this showing."  *Id.* (citing *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988)).  The Defendant argues that the Government has kept his cell phone for an unreasonable amount of time and has no legitimate reason to keep it.  The court does not agree.  The nature of the crimes alleged against him and the alleged circumstances surrounding his arrest are legitimate reasons to hold the cell phone.  Meanwhile, the Defendant is in custody and not allowed to have a cell phone.  It is this court's opinion that the Defendant has not met his burden to show irreparable harm.

The Defendant's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) [Docket No. 8] is hereby dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 4th day of April, 2023.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**