IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                          **Criminal No. 21-cr-00290-RAW**

JEFFREY BRENT THOMAS,

        Defendant.

### UNOPPOSED MOTION TO CONTINUE MAY 7, 2024 TRIAL AND ALL PRETRIAL DEADLINES

Defendant Jeffrey Brent Thomas, through his appointed counsel, moves this Court to vacate and continue the trial of this matter now set on the May 7, 2024 trailing docket and extend all pending pretrial deadlines for approximately ninety (90) days. The United States, through Assistant United States Attorney, Nicole Paladino, does not oppose this motion. As grounds for this motion, the Defendant states as follows:

On August 24, 2021, Defendant Jeffrey Brent Thomas was indicted and charged with three counts of Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151, and 1153, and one count of eluding/evading a law enforcement officer in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), 1151, and 1153. [Doc. 2]. Undersigned counsel was appointed to represent Mr. Thomas on November 12, 2021. [Doc. 6] Mr. Thomas was arraigned on the Indictment on March 21, 2024 [Doc. 15], and his detention hearing was held on April 4, 2024. [Doc. 29]

Some discovery materials for the Eastern District case, which consist of numerous police reports and multiple video/audio files, were initially received on February 17, 2022. Counsel has

reviewed those materials, but the United States also disclosed discovery to Mr. Thomas on March 26, 2024.

This matter is currently scheduled for Jury Selection and Trial on the Court's May 7, 2024, trailing docket, and the pretrial conference is scheduled on April 18, 2024. [Docs. 30-31] Counsel requires additional time to review and analyze the discovery material recently provided by the Government, to investigate, research and develop potential defenses, and to potentially hire and prepare expert witnesses. Thus, preparation for the defense of this matter remains in progress. In addition, the United States has recently extended a plea offer to Mr. Thomas, and Mr. Thomas and his Defense counsel require additional time to consider and discuss that offer.

Mr. Thomas and his Defense counsel therefore request additional time to meet with Mr. Thomas to review and discuss the government's discovery and issues relevant to any defenses, sentencing considerations, and for plea negotiations between the parties to proceed. In the event a plea is not entered, this process is expected to take at least ninety (90) days. A 90-day continuance will allow time for Mr. Thomas and his Counsel to review the discovery and the Government's plea offer. Under the current circumstances, the requested continuance is the absolute minimum time necessary for the Defendant's counsel to provide effective assistance of counsel in this case.

Mr. Thomas requests that the period of delay be counted as excludable time pursuant to 18 U.S.C. §3161(c)(1), (h)(7). As described above, because a continuance is necessary in this case, the ends of justice that will be served by extending the time by which trial must commence outweigh the interests of a speedy trial and failure to grant the requested extension would unreasonably deny counsel for Mr. Thomas the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See §3161(h)(7)(A), (h)(7)(B)(iv). Accordingly, the continuance sought by the Mr. Thomas is appropriate under 18 U.S.C.

§3161(h)(7)(A), (B)(iv). *See United States v. Toombs*, 574 F.3d 1262, 1268-69, 71-73 (10th Cir. 2009); *United States v. Hernandez-Mejia*, 406 Fed. Appx. 330 (10th Cir. 2011) (unpublished).

Defense counsel has fully explained to Mr. Thomas his right to proceed to jury trial within 70 days of his arraignment after subtracting excludable time. Defense counsel has also further reviewed the terms and conditions of Title 18, United States Code, Section 3161(c), and has explained to Mr. Thomas the provisions that may apply in this case. Mr. Thomas' agreement to this motion is an informed and voluntary decision. Defense counsel will file a written Speedy Trial Waiver executed by Mr. Thomas contemporaneously with this motion.

This request is not being made for purposes of delay. It is being made to further the interests of justice to allow defense counsel to adequately represent Mr. Thomas.

Accordingly, Mr. Thomas moves the Court to extend all deadlines by 90 days and that the period of delay resulting from this continuance be counted as excludable time as provided in 18 U.S.C. §3161(h)(7)(A).

Respectfully submitted,

*/s/Donald F. Kochersberger III*

Donald F. Kochersberger III
6801 Jefferson St. NE, Ste. 210
Albuquerque, NM 87109
Tel: (505) 848-8581
Fax: (505) 848-8593
donald@businesslawsw.com

*Attorney for Defendant Jeffrey Brent Thomas*

3

I HEREBY CERTIFY that on this the 5th day of April 2024, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*Electronically Filed*
**Donald F. Kochersberger III**
Attorney for Defendant