**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CR-290-RAW** |
| | ) | |
| **JEFFREY BRENT THOMAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant, Jeffrey Brent Thomas' Unopposed Motion to Continue November 5, 2024 Trial and All Pretrial Deadlines [Docket No. 42]. Defendant requests a continuance of the trial presently set on the November 5, 2024 trial docket to the February 4, 2025 trial docket and an order extending the attendant deadlines associated therewith.

The Government has no objection to this motion.

Defense Counsel requests a continuance for the following reasons which give cause for excludable time under the Speedy Trial Act. On August 24, 2021 Defendant Thomas was indicted and charged with three counts of Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151 & 1153, and one count of Eluding/Evading a Law Enforcement Officer in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3)(D), 1151 & 1153 [Docket No. 2]. The defendant was arraigned on March 21, 2024.

A significant amount of discovery has been produced and reviewed; however, counsel continues to seek additional materials from certain state governmental agencies. Additionally, the defense has recently retained an expert and is awaiting a report of the expert's evaluation. This report along with long sought cell phone data which is being extracted is expected to advance the defense investigation and ultimately aid in ongoing plea discussions.

The court finds that additional time is necessary for counsel's effective preparation and advocacy for Mr. Thomas, considering counsel's exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

Further, the court recognizes that the logistical complications created by the continuing *McGirt* related delays require additional time for travel, meetings with clients, investigations, and general preparation to effectively represent the defendant at trial.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient

record to determine why the facts stated in a motion for continuance "result in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances presented in Defendant's motion.  Defendant requests the extension in the interest of justice to ensure her informed decision regarding effective preparation for trial or other resolution of the case.  Further, Defendant is asking the Court to exclude any period of delay for an ends of justice continuance.   In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant's Motion [Docket No. 42] is GRANTED. The jury trial set for November 5, 2024 is hereby stricken and reset to the February 4, 2025 Trial Docket.    The pretrial motions deadline is hereby stricken and reset to December 20, 2024. The expert witness notices deadline is December 20, 2024.  Any *Daubert* motions shall be filed within 14 days of the filing of the expert witness notices.  The pretrial conference currently set for October 17, 2024 is hereby stricken to be reset by the court at a later date.

**IT IS FURTHER ORDERED** that the time from November 5, 2024 to February 4, 2025, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 30th day of September, 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE