IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                           **Criminal No. 21-cr-00290-RAW**

JEFFREY BRENT THOMAS,

        Defendant.

## UNOPPOSED MOTION TO CONTINUE MAY 6, 2025, TRIAL AND ALL PRETRIAL DEADLINES

Defendant Jeffrey Brent Thomas, through his appointed counsel, moves this Court to vacate and continue the trial of this matter now set on the May 6, 2025, trailing docket and extend all pending pretrial deadlines for approximately ninety (90) days. The United States, through Assistant United States Attorney, Nicole Paladino, does not oppose this motion. As grounds for this motion, the Defendant states as follows:

On August 24, 2021, Defendant Jeffrey Brent Thomas was indicted and charged with three counts of Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151, and 1153, and one count of eluding/evading a law enforcement officer in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3), 1151, and 1153. [Doc. 2]. Undersigned counsel was appointed to represent Mr. Thomas on November 12, 2021. [Doc. 6]. Mr. Thomas was arraigned on the Indictment on March 21, 2024 [Doc. 15], and his detention hearing was held on April 4, 2024. [Doc. 29]

A significant amount of discovery material for this case has been produced and reviewed by counsel. However, defense counsel has retained an expert, who has been provided with case

materials and from whom counsel awaits a report of the expert's evaluation. This report is expected to lead to additional defense efforts, as well as possibly aid the ongoing plea discussions. Counsel has also long sought data from the Defendant's cell phone (*see* Doc 8) to aid the defense. The United States has agreed to provide this data and has been working on some logistics/permissions necessary to extract it for production, and the parties have agreed on a proper release for Mr. Thomas to sign, after which the United States will access and produce the contents of the phone. Once this data is extracted and reviewed, it is expected to provide additional information necessary to advance the defense investigation of these charges.

At the same time as these efforts, the United States and the Defendant remain engaged in discussions regarding a possible non-trial resolution of this matter. Of course, this negotiation is complicated by the tremendous minimum length of incarceration to which Defendant is exposed by the current charges, including a likely Guideline range that will recommend a life sentence, if convicted on all Counts. Of course, as additional information becomes known to the parties (such as the expert's opinions and the review of phone data), the plea negotiations will necessarily be impacted.

This matter is currently scheduled for Jury Selection and Trial on the Court's May 6, 2025, trailing docket. [Doc. 45]. Counsel requires additional time to obtain, review and analyze the available government materials, to investigate, research and develop potential defenses, and to work with expert witnesses. Thus, preparation for the defense of this matter remains in progress and requires additional time to complete.

Mr. Thomas and his Defense counsel therefore request additional time to review and discuss the government's discovery and other materials, seek/receive additional materials relevant and necessary to the defense, as well as the issues relevant to any defenses, sentencing

considerations, expert opinions, and for plea negotiations between the parties to proceed. In the event a plea is not entered, this process is expected to take at least ninety (90) days. A 90-day continuance will allow time for Mr. Thomas and his Counsel to negotiate a potential plea and, failing that, file motions and expert disclosure(s), and prepare for trial. Under the current circumstances, the requested continuance is the absolute minimum time necessary for the Defendant's counsel to provide effective assistance of counsel in this case.

Mr. Thomas requests that the period of delay be counted as excludable time pursuant to 18 U.S.C. §3161(c)(1), (h)(7). As described above, because a continuance is necessary in this case, the ends of justice that will be served by extending the time by which trial must commence outweigh the interests of a speedy trial and failure to grant the requested extension would unreasonably deny counsel for Mr. Thomas the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See §3161(h)(7)(A), (h)(7)(B)(iv). Accordingly, the continuance sought by the Mr. Thomas is appropriate under 18 U.S.C. §3161(h)(7)(A), (B)(iv). *See United States v. Toombs*, 574 F.3d 1262, 1268-69, 71-73 (10th Cir. 2009); *United States v. Hernandez-Mejia*, 406 Fed. Appx. 330 (10th Cir. 2011) (unpublished).

Defense counsel has fully explained to Mr. Thomas his right to proceed to jury trial within seventy (70) days of his arraignment after subtracting excludable time. Defense counsel has also further reviewed the terms and conditions of Title 18, United States Code, Section 3161(c), and has explained to Mr. Thomas the provisions that may apply in this case. Mr. Thomas' agreement to this motion is an informed and voluntary decision.

This request is not being made for purposes of delay. It is being made to further the interests of justice to allow defense counsel to adequately represent Mr. Thomas. The United States does not oppose.

Accordingly, Mr. Thomas moves the Court to vacate the current trial setting and extend all deadlines by at least ninety (90) days and that the period of delay resulting from this continuance be counted as excludable time as provided in 18 U.S.C. §3161(h)(7)(A).

Respectfully submitted,

*/s/Donald F. Kochersberger III*

Donald F. Kochersberger III
6801 Jefferson St. NE, Ste. 210
Albuquerque, NM 87109
Tel: (505) 848-8581
Fax: (505) 848-8593
Donald@BusinessLawSW.com

*Attorney for Defendant Jeffrey Brent Thomas*

I HEREBY CERTIFY that on this the 28th day of March 2025, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  */s/ Electronically Filed*
Donald F. Kochersberger III

*Attorney for Defendant*