IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-CR-290-RAW |
| ) | |
| **JEFFREY BRENT THOMAS,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Before the Court is Defendant, Jeffrey Brent Thomas' Unopposed Motion to Continue August 5, 2025 Trial and All Pretrial Deadlines [Docket No. 50]. Defendant requests a continuance of the trial presently set on the August 5, 2025 trial docket to the November 4, 2025 trial docket and an order extending the attendant deadlines associated therewith.

The Government has no objection to this motion.

Defense Counsel requests a continuance for the following reasons which give cause for excludable time under the Speedy Trial Act. On August 24, 2021 Defendant Thomas was indicted and charged with three counts of Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151 & 1153, and one count of Eluding/Evading a Law Enforcement Officer in violation of 18 U.S.C. §§ 2244(a)(5), 2246(3)(D), 1151 & 1153 [Docket No. 2]. .

A significant amount of discovery has been produced and reviewed; however, the defense has retained an expert whose report will be forthcoming and is expected to lead to additional defense efforts and aid in the ongoing plea discussions. Counsel requires additional time to obtain, review and analyze the remaining government materials, to investigate, research and develop potential defenses and work with the expert witness. Counsel represents that he has fully

explained Mr. Thomas' rights to a speedy trial and that Mr. Thomas' agreement to this motion is informed and voluntary.

The court finds that additional time is necessary for counsel's effective preparation and advocacy for Mr. Thomas, considering counsel's exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

Further, the court recognizes that the logistical complications created by the continuing *McGirt* related delays require additional time for travel, meetings with clients, investigations, and general preparation to effectively represent the defendant at trial.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the

circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances presented in Defendant's motion. Defendant requests the extension in the interest of justice to ensure her informed decision regarding effective preparation for trial or other resolution of the case. Further, Defendant is asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant's Motion [Docket No. 50] is GRANTED. The jury trial set for August 5, 2025 is hereby stricken and reset to the November 4, 2025 Trial Docket. The pretrial motions deadline is hereby stricken and reset to September 25, 2025. The expert witness notices deadline is September 25, 2025. Any *Daubert* motions shall be filed within 14 days of the filing of the expert witness notices. The pretrial conference currently set for July 14, 2025 is hereby stricken to be reset by the court at a later date.

**IT IS FURTHER ORDERED** that the time from August 5, 2025 to November 4, 2025, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED** this 26th day of June, 2025.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE