IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JEFFREY BRENT THOMAS<br><br>*Defendant.* | Case No. CR-21-290-RAW |

## **ORDER**

The Defendant is charged in this case with three counts of aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151, and 1152 and one count of abusive sexual contact in violation of 18 U.S.C. §§ 2241(c), 2246(3), 1151, and 1152. Specifically, the Defendant is charged with sexually abusing his girlfriend's daughter, C.J., between on or about January 1, 2020 and January 16, 2021, when she was approximately eight (8) years old.

Now before the court are the Government's notice of intent to admit evidence of other child molestation under Fed. R. Evid. 414 [Docket No. 65] and the Defendant's motion to exclude evidence pursuant to Fed. R. Evid. 414 and 403 [Docket No. 74]. The Government intends to introduce evidence of two other alleged minor victims of the Defendant not charged in this case.[1] The Defendant was married to both of the alleged minor victims' mothers.

---

[1] The Government submitted the audio recording of the interview with Witness #1 and the audio/video recording of the interview with Witness #2. The Government also submitted reports generated by the FBI regarding each of the two 414 witness.

Witness #1 is now eighteen (18) years old and alleges that she was sexually abused by the Defendant when she was between six (6) and eight (8) years old – so between nine (9) and twelve (12) years ago. Witness #2 is now sixteen (16) years old and alleges that she was sexually abused by the Defendant when she was approximately eight (8) years old – so approximately eight (8) years ago.

While propensity evidence is generally prohibited under Rule 404(a), under Rules 413(a) and 414(a), the court is to "'*liberally*' admit evidence of prior uncharged sex offenses" in sexual assault and child molestation cases. *United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007) (emphasis added) (citing *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997)). Before the court admits such evidence, however, it must determine that: "(1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." *Id.* (citing *United States v. McHorse, 179 F.3d 889, 897-98* (10th Cir. 1999); *United States v Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998)). Relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Of course, relevant Rule 413 and 414 evidence is also "subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.'" *Id*. (citing *Guardia*, 135 F.3d at 1329). Nevertheless, "the exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence 'normally' should be admitted." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (citations omitted). In the context of sexual assault evidence, Rule 403 requires the court to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Id*. (citation omitted).  In considering the first factor, the court "must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Id*. (citation omitted).

In analyzing probativeness under the second *Enjady* factor, the court also considers the following five subfactors: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Benally*, 500 F.3d at 1090-91 (citing *Guardia*, 135 F.3d at 1331)).

"In applying the *Enjady* test, 'no single factor is dispositive.'" *United States v. Mercer*, 653 Fed.Appx. 622, 626 (10th Cir. 2016) (citing *United States v. Mann*, 193 F.3d 1172, 1175 (10th Cir. 1999)).  As instructed in *Benally*, this court must make a clear record of its reasoning behind its findings as to whether the evidence survives the Rule 403 balancing test. *Benally*, 500 F.3d at 1091.

### Threshold Requirements

In this case, the Defendant is accused of four crimes involving sexual assault or child molestation, specifically, three counts of aggravated sexual abuse and one count of abusive

sexual contact of C.J. who had not attained the age of 12 years.[2] The evidence proffered is evidence of the Defendant's commission of other offenses involving sexual assault or child molestation, specifically the sexual abuse by the Defendant of two minors who were his step-daughters. Witness # 1 was between six and eight years old, and Witness #2 was approximately 8 years old at the time of the allegations. The allegations are also strikingly similar to the allegations by C.J. in this case. The evidence is relevant, and if it is believed, it would tend to make more probable the likelihood that the Defendant committed the acts charged herein.[3]

### *Enjady* Factors

Pursuant to the first *Enjady* factor, the court examines how clearly the prior act has been proved. As stated above, the court must consider the evidence and make a preliminary finding as to whether it is sufficient that a jury could reasonably find by a preponderance of the evidence that the prior act occurred. The Defendant argues that the Government has not presented sufficient evidence to support a finding by a jury that the prior acts occurred. Specifically, he argues that the only evidence is the alleged victim's own statements and that there is no corroborating evidence.

The court has listened to and considered the audio and video recordings of the two 414 witnesses. The court has also reviewed the reports generated by the FBI. Despite the Defendant's arguments to the contrary, the court finds that the evidence is sufficient that a

---

[2] "'[C]hild' means a person below the age of 14." Fed. R. Evid. 414(d)(1). "Child molestation" is defined broadly and includes *inter alia* violations of federal and state criminal sexual assault statutes, "contact between any part of the defendant's body—or an object—and a child's genitals or anus," "contact between the defendant's genitals or anus and any part of a child's body," "deriving pleasure or gratification from inflicting death, bodily injury, or physical pain on a child," or an attempt or conspiracy to engage in any such conduct. Fed. R. Evid. 414(d)(2).

[3] "Evidence of other similar crimes involving sexual assault and child molestation was determined by Congress to be probative of a defendant's propensity to commit such crimes." *Benally*, 500 F.3d at 1093 (citing *Meacham*, 115 F.3d at 1492).

reasonable jury could find by a preponderance of the evidence that the Defendant sexually abused the two 414 witnesses. The Defendant's arguments may, of course, be advanced at trial.

Pursuant to the second *Enjady* factor in determining the probativeness of the other acts, the court considers the five factors delineated above.[4] First, the other acts are similar to the charged act. The Defendant was dating C.J.'s mother and married to the two 414 witness' mothers. The abuse they each described was very similar. Second, the time lapse between the alleged acts is not substantial. C.J. alleges the Defendant abused her between five and six years ago. The 414 witness's allegations are eight years ago and between nine and twelve years ago. All of the allegations of abuse are within a very close time period.

Moreover, "as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses." *Meacham*, 115 F.3d at 1492 (citations omitted). As the Government argues, in contrast to the decades-old acts allowed in *Meacham* and *Benally*, the small time gap between the alleged abuse of C.J. and the 414 witnesses supports the admission of the prior uncharged acts.

As to the third subfactor, three alleged victims in the span of seven years or so is certainly frequent enough to support admission. As to the fourth subfactor, the parties have not alerted the court to any intervening events. As to the fifth subfactor, considering that there are no eyewitnesses or physical evidence in this case, the need for evidence beyond the Defendant's and C.J.'s testimony also supports admission.

---

[4] Again, those subfactors are: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Benally*, 500 F.3d at 1090-91.

As to the third *Enjady* factor, whether the Defendant sexually abused C.J. – the central issue in this case – is in serious dispute. As to the fourth *Enjady* factor, the Government states that it is unaware of any other less prejudicial evidence available to it. Finally, the court finds that proposed evidence will not likely contribute to an improperly-based jury verdict, will not distract the jury from the central issues of the trial, and will not be overly time consuming.

As stated herein, the court finds that each of the *Enjady* factors and subfactors support admission of the proposed evidence. Accordingly, the Defendant's motion to exclude evidence pursuant to Fed. R. Evid. 414 and 403 [Docket No. 74] is hereby DENIED.

**IT IS SO ORDERED** this 4th day of March, 2026.

---
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**